IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG, SR.,

    Petitioner,        No. CIV S-06-1950 LKK DAD P

    vs.

D.L. RUNNELS, et al.,        ORDER AND

    Respondents.        FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner confined in High Desert State Prison, which is located in Lassen County, California. Petitioner has filed a handwritten document titled "Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities in Support Thereof." The document is captioned for filing in "Superior Court of the State of California County of Lassen." Attached to the handwritten document is a state habeas petition form captioned for filing in "Lassen County Superior Court."

        In his state petition, petitioner indicates that he is challenging conditions of confinement at the state prison. Petitioner seeks money damages for deliberate indifference to serious medical needs. He identifies the responsible employees as the warden, three doctors, and a dentist. Intermingled with petitioner's claims concerning conditions of confinement are assertions concerning ineffective assistance of counsel, double jeopardy, and "fruit doctrine."

1

1 Petitioner indicates that he has filed an appeal from a 2005 conviction and that the appeal is
2 pending in the California Court of Appeal's Third Appellate District.

3       A federal court may not entertain a petition for writ of habeas corpus brought by a
4 person in custody pursuant to the judgment of a state court unless the petition has been brought
5 "on the ground that he is in custody in violation of the Constitution or laws or treaties of the
6 United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is available only for
7 challenges to the duration or legality of a prisoner's confinement. <u>Preiser v. Rodriguez</u>, 411 U.S.
8 475, 500 (1973). A state prisoner who seeks to challenge unconstitutional conditions of
9 confinement may attack those conditions in federal court by presenting his claims in a civil rights
10 action brought pursuant to 42 U.S.C. § 1983.

11       In the present case, it appears that petitioner's state habeas petition has been sent
12 to the federal court in error. In any event, this case must be dismissed. To the extent that
13 petitioner complains of conditions of confinement, he may do so in federal court only in a civil
14 rights action. The court's own records reveal that petitioner previously filed a civil rights action
15 concerning his medical care at High Desert State Prison and that the action is pending. <u>See</u>
16 <u>Armstrong v. Runnels, et al.</u>, case No. CIV S-06-0034 DFL GGH PC (E.D. Cal. 2006). To the
17 extent that petitioner challenges his 2005 conviction, the court's own records reveal that
18 petitioner previously filed a federal habeas action concerning that conviction. <u>See</u> <u>Armstrong v.</u>
19 <u>Pope</u>, case No. CIV S-05-2371 LKK DAD HC (E.D. Cal. 2005). The undersigned has
20 recommended that case No. CIV S-05-2371 be dismissed without prejudice for failure to exhaust
21 available state court remedies. The findings and recommendations are currently pending before
22 the district judge assigned to case No. CIV S-05-2371.[1]

23       This action should be dismissed because petitioner's claims concerning the
24 conditions of his confinement fail to state a basis for federal habeas corpus relief. <u>See</u> Rule 4,

---

[1] It is evident from the allegations of the state habeas petition filed in this case that petitioner has not yet exhausted available state court remedies.

1  Fed. R. Governing § 2254 Cases ("If it plainly appears from the face of the petition and any
2  exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge
3  shall make an order for its summary dismissal . . . ."). Petitioner's claims concerning his 2005
4  conviction are duplicative of a previously filed habeas case that is still pending. Under these
5  circumstances, petitioner's request for declaration of indigency will be disregarded, and
6  petitioner's request for appointment of counsel will be denied.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Petitioner's August 31, 2006 request for appointment of counsel is denied;

   2. Petitioner's August 31, 2006 declaration of indigency is disregarded; and

   IT IS RECOMMENDED that this action be dismissed without prejudice as duplicative of other actions pending in this court.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   DATED: September 8, 2006.

   _____
   DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

   DAD:13
   arms1950.156